UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Mustafa Hassan Arif

    v.                                  Case No. 19-cv-586-LM
                                          Opinion No. 2020 DNH 023

United States

# **O R D E R**

On October 11, 2016, Mustafa Hassan Arif pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, and on May 26, 2017, this court sentenced him to serve 72 months in prison. See United States v. Mustafa Hassan Arif, 15-cr-057-LM (D.N.H. May 26, 2017) ("Arif I"). Arif appealed his conviction and sentence, and on July 19, 2018, the First Circuit affirmed both. See id. at doc. nos. 156 and 157. He now moves pursuant to 28 U.S.C. § 2255 to vacate his sentence, alleging prosecutorial misconduct and six claims of ineffective assistance of counsel. The government objects.

**STANDARD OF REVIEW**

Under § 2255, a federal prisoner may ask the court to vacate, set aside, or correct a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The burden of proof is on the petitioner.

Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015). Once a prisoner requests relief under § 2255 the district court must grant an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, an evidentiary hearing is not necessary when "a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Morgan v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974).

## BACKGROUND

I. Factual Background

Arif owned and operated over 1,500 commercial websites while living in Lahore, Pakistan. On most of those sites, he sold drugs which he claimed treated or cured various diseases and conditions. His internet reach spanned across the globe far beyond the borders of Pakistan. The results were successful: he generated $12 million, most of which came from customers in the United States.

His endeavors quickly caught the eye of the United States Government for several reasons. First, the websites selling drugs had misleading mail-forwarding addresses. For example, a website marketed to Germans had a German address. Other

2

websites had mail forwarding addresses in England, Scotland, Australia, and many other countries.  This strategy was illegal because every website and drug originated in Pakistan.

Second, information on the websites about the drugs themselves contained gross misrepresentations.  For example, Arif falsely claimed that some of the drugs had a "cure rate for 90% of subjects" or had a "92% effect on the disease without a single side effect."  In most cases, Arif never tested the drugs nor backed up his claims with reputable evidence.  Arif's websites also included false testimonials from customers as to the drugs' effectiveness.

Third, Arif generated $9 million in revenue from United States customers.  He used a third-party credit card processor and authorized retailer named CCNow to transfer his revenue.  CCNow used JP Morgan Chase to wire Arif's proceeds from its bank account in Minnesota to his various bank accounts in Pakistan and the United Kingdom.

II. Procedural Background

On April 8, 2015, a federal grand jury indicted Arif on one count of wire fraud and aiding and abetting the same under 18 U.S.C. § 1343 and two counts of misbranding drugs in interstate commerce under 21 U.S.C. §§ 331(a), 333(a)(2), and 352(a).  A grand jury returned a superseding indictment on September 9,

2015, which increased the misbranding drug counts to a total of four.

On October 11, 2016, Arif entered a conditional plea of guilty to one count of wire fraud under 18 U.S.C. § 1343. He subsequently appealed both his sentence and conviction, and the First Circuit affirmed.

Arif filed the current § 2255 petition on June 3, 2019, alleging prosecutorial misconduct and six claims of ineffective assistance of counsel. The government responds that the court can resolve the majority of Arif's claims without an evidentiary hearing. It concedes, however, that certain claims require further factual development and requests that the court schedule an evidentiary hearing. Arif counters that an evidentiary hearing is not necessary but, to the extent the court disagrees, he requests that the court appoint him counsel due to his "strained financial condition" and waive his appearance at the hearing. Doc. no. 7 at 3.

## DISCUSSION

Arif asserts seven claims in his § 2255 petition:

- the government breached its promise that Arif would be prosecuted for only two misbranding of drug charges (and not wire fraud) in exchange for him providing information on CCNow (Claim 1);

- ineffective assistance of counsel based on his attorneys' failure to obtain the government's promise in writing or to bring it to the court's attention (Claim 2);

- ineffective assistance of counsel based on his attorneys' failure to assert the defense of improper venue (Claim 3);

- ineffective assistance of trial and appellate counsel based on their failure to argue that the wire fraud statute did not apply to the allegations of false advertising of non-prescription drugs (Claim 4);

- ineffective assistance of counsel based on his attorneys' failure to assert a defense under the Speedy Trial Act, 18 U.S.C. § 3161, et seq. (Claim 5);

- ineffective assistance of counsel based on his attorneys' failure to advise him that the FDA could not investigate false advertising of non-prescription drugs and that the FDA's presence at grand jury proceedings violated his due process rights (Claim 6); and

- ineffective assistance of counsel based on his appellate counsel's failure to pursue the argument that the fact that Arif informed his customers that his products were not FDA-approved negated any intent to defraud, and that the government could not approve a charge of wire fraud without FTC certification (Claim 7).

The court first addresses Arif's ineffective assistance of counsel arguments in Claims 3-7.

I. Claims 3-7

Claims 3-7 are based on the alleged ineffectiveness of Arif's trial and/or appellate counsel. When a § 2255 petition is based on ineffective assistance of counsel, the petitioner "must demonstrate both: (1) that 'counsel's performance was deficient,' meaning that 'counsel made errors so serious that

5

counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment'; and (2) 'that the deficient performance prejudiced the defense.'" United States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Under the deficiency prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks and citation omitted). Under the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The question does not focus on the whims of the defendant, but instead depends on whether "a reasonable defendant standing in the

petitioner's shoes would likely have altered his decision to plead guilty" in these circumstances.  Ferrara v. United States, 456 F.3d 278, 294 (1st Cir. 2006).  Failure to satisfy either the deficiency or prejudice prong defeats an ineffective-assistance-of-counsel claim.  Strickland, 466 U.S. at 700.

   A.   Claim 3

   Arif asserts in Claim 3 that his trial counsel were ineffective for failing to seek to dismiss the indictment on the basis of improper venue.  According to Arif, this defense would have been successful because CCNow is based in Minnesota, not New Hampshire, and none of the website's servers was in New Hampshire.  Arif asserts that had his trial counsel properly put forth this defense, he would not have pleaded guilty.

   Even assuming that Arif's trial counsel should have raised that defense, Arif has suffered no prejudice because that defense has no merit.  In deciding where a crime has been committed for venue purposes, courts look to the "nature of the crime," as determined by the "essential conduct elements" of the offense.  United States v. Rodriguez-Moreno, 526 U.S. 275, 279-280 (1999).

> The "essential conduct" prohibited by the federal wire fraud statute is 'the misuse of wires as well as any acts that cause such misuse.'  Thus, in a wire fraud case, venue is established "where the wire transmission at issue originated, passed through, or

7

>     was received, or from which it was orchestrated
>     . . . .  In other words, venue may lie only where
>     there is a direct or causal connection to the misuse
>     of wires."

United States v. Foley, No. CRIM.A. 11-10406-RGS, 2013 WL 210187, at *1 (D. Mass. Jan. 18, 2013) (quoting United States v. Pace, 314 F.3d 344, 349 (9th Cir. 2002)), aff'd, 783 F.3d 7 (1st Cir. 2015). Thus, where a defendant's acts in a state "caused the wires foreseeably to be used in furtherance of the fraudulent scheme," venue properly lies in that state. Id. at *2.

The indictment (doc. no. 32) and the superseding indictment (doc. no. 43) both allege that Arif sent his products to residents of New Hampshire. In addition, they allege that such purchases were made by customers located in New Hampshire through their computers, and that customers were redirected to CCNow's website to make payments. Therefore, venue properly lies in New Hampshire. For this reason, even if trial counsel were ineffective, Arif suffered no prejudice because no reasonable defendant in his circumstances would have altered his plea of guilty.

B.  Claim 4

Arif asserts in Claim 4 that his appellate and/or trial counsel were ineffective for failing to raise the defense that

the wire fraud statute did not apply to the allegations of false advertising of non-prescription drugs. As Arif notes, however, his appellate counsel did raise the defense in his brief on appeal and cited the very case on which Arif relies in his petition. See doc. no. 1 at 8. Although Arif asserts that "[h]ad his appellate counsel been effective then [the] outcome of appeal would also be different," id., he offers no support for that assertion. Thus, Arif's fourth claim fails on both prongs of the Strickland analysis.[1]

C.  Claim 5

Arif next argues that his trial counsel were ineffective for failing to advise him that he could have sought dismissal of the indictment under the Speedy Trial Act. He states that had his attorneys advised him of the availability of this defense, he would not have pleaded guilty.

Even if Arif's counsel had failed to advise him of the possibility of asserting a defense under the Speedy Trial Act, Arif suffered no prejudice because that defense is meritless. Although Arif points to certain delays in the district court

---

[1] Moreover, the court notes that Arif repeatedly raised the argument that the wire fraud statute did not apply to the conduct in this case at the district court level. See, e.g., doc. no. 87 at 15-16. Both this court and the First Circuit have rejected the argument.

9

proceedings (nearly all of which were based on his various counsels' reluctance to pursue meritless defenses Arif urged), Arif neglects to mention that he repeatedly waived his right to a speedy indictment and trial. See Arif I, doc. nos. 11, 14, 16, 18, 26, 30, 41, 48, 62, 69, 79, and 109. He not only waived these rights, but explicitly acknowledged that he had been advised of them. See id. Any defense based on the Speedy Trial Act is not viable and, therefore, even if his counsel were ineffective, no reasonable defendant in Arif's circumstances would have altered his plea of guilty.

D. Claim 6

Arif's sixth claim of ineffective assistance of counsel is based on the theory that the FDA is unauthorized to investigate the area of false advertising and non-prescription drugs, but that his trial counsel failed to assert that defense. He also states that his trial counsel were ineffective for failing to advise him that the wire fraud charge could have been dismissed based on the FDA's presence during his grand jury proceedings.

As with Arif's other claims of ineffective assistance of counsel, he fails to demonstrate any prejudice. He also offers no support for his theory that the FDA's supposed involvement in the case renders the wire fraud charge subject to dismissal.

10

Arif's ineffective assistance of counsel claim in Claim 6 fails on both Strickland prongs.

### E. Claim 7

Arif argues that his appellate counsel was ineffective for failing to argue on appeal that the fact that Arif informed his customers that his products were not approved by the FDA negated any intent to defraud. He also argues that his appellate counsel was ineffective for failing to argue on appeal that the Department of Justice may only initiate prosecutions such as his upon certification by the FTC under 15 U.S.C. § 56(b). Arif contends that had his appellate counsel pursued these avenues on appeal, the result would have been different.

This court considered both of Arif's arguments and rejected them. See doc. no. 117. For the reasons stated, those arguments are without merit. Therefore, Arif suffered no prejudice from his counsel's failure to pursue them on appeal.

### F. Summary

Claims 3-7 do not require further factual development. Arif's motion conclusively shows that he is not entitled to relief on those claims.

II.  Claims 1 and 2

Arif states in his petition that, at some point, the government verbally promised him that in exchange for proffering all information about CCNow's role in his business, it would charge him with no more than two misbranding of drug charges and would not prosecute him for wire fraud.  Arif states that the government eventually broke that promise.

Based on those actions, Arif asserts a claim for prosecutorial misconduct (Claim 1) and ineffective assistance of counsel for failing to investigate the promise or raise it with the court (Claim 2).[2]

Claims 1 and 2 cannot be resolved without further factual development.  Therefore, an evidentiary hearing is necessary.

In Arif's filings in this proceeding, he contends that all of his claims can be resolved without an evidentiary hearing based on his affidavit.  He asserts that if the court determines that factual disputes exist, that it should "compel counter-affidavits" from his attorneys and/or the prosecutor involved in the case before scheduling an evidentiary hearing.  In addition, he requests that if the court deems an evidentiary hearing necessary, that his personal presence be waived, and that

---

[2] This claim appears to be asserted against one of Arif's attorneys, Michael J. Connolly.

counsel be appointed for him because of his strained financial condition.

### A. Necessity of Evidentiary Hearing

Before addressing Arif's request to have the government produce "counter-affidavits," the court notes that Arif currently has submitted no competent evidence in support of his claim. Although he filed an "affidavit," the affidavit is not sworn and does not comply with 28 U.S.C. § 1746.[3]

In light of Arif's pro se status, the court will allow Arif to submit either a sworn statement or an unsworn declaration under penalty of perjury in compliance with 28 U.S.C. § 1746 to support Claims 1 and 2. Arif shall submit such a filing within 45 days of this order, on or before April 3, 2020. If Arif does not comply with that deadline, the court will rule on Claims 1 and 2 based on the current record.

In addition, on or before April 3, 2020, Arif shall notify the court whether he (1) would like the court to resolve his claims based on the parties' filings and supporting evidence or (2) hold an evidentiary hearing. If Arif prefers to waive an evidentiary hearing, then the government shall have three weeks from the date of Arif's filing to offer any evidence, which may

---

[3] For example, Arif's affidavit is not signed under penalty of perjury.

include but is not limited to affidavits from Arif's former counsel and the prosecutor on his case, regarding Claims 1 and 2. If Arif requests an evidentiary hearing, the government may instead proffer any supporting evidence at that hearing.

B. Arif's Status

Arif requests that, in the event of an evidentiary hearing, the court appoint him counsel and waive his personal appearance.

For any person seeking relief under 28 U.S.C. § 2255, "representation may be provided for any financially eligible person" if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Although Arif references his "strained financial condition," doc. no. 7 at 3, that statement does not show that he is financially eligible. The evidence in Arif's criminal case showed that he generated approximately $12 million through his scheme, he had the money sent to England and Pakistan, and the United States did not recover any of the proceeds. Thus, it strains credulity to believe that Arif is presently indigent as he claims.

To the extent Arif requests an evidentiary hearing and seeks counsel, he must provide competent evidence that he is financially eligible by filing a financial affidavit. If he does, the court will determine whether the interests of justice require the appointment of counsel. The court further notes

14

that although it sees no reason to waive Arif's appearance at an evidentiary hearing, it will address Arif's request after his April 3, 2020 filing.

**CONCLUSION**

Arif is not entitled to habeas relief for Claims 3-7. In light of the factual dispute concerning Claims 1 and 2, the court holds its ruling as to Arif's petition in abeyance as provided in this order. If Arif chooses to submit a filing in support of Claims 1 and 2, he must do so within 45 days of this order, on or before April 3, 2020. Arif shall also notify the court about his preference regarding an evidentiary hearing on or before April 3, 2020. The Clerk's Office shall send a financial affidavit to Arif at his address on file.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 18, 2020

cc: Mustafa Hassan Arif, pro se
　　Seth R. Aframe, Esq.

15